■ In the Matter of the Claim of SALUSTIANO MELENDEZ, Respondent, v. HOWARD JOHNSON et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed May 8, 1967. The sole question raised on this appeal is the liability of the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. Claimant sustained a bilateral inguinal hernia at work on February 15, 1958. He was operated on and received compensation until August 24, 1958. The case was closed on October 15, 1958. In 1964 claimant's doctor filed a medical report of changed condition stating that claimant had suffered a recurrence of the bilateral hernia. The board treated this as an application to reopen and restored the case to the calendar on February 18, 1965. On April 27, 1965, a new claim was filed based upon the same recurrence. Shortly thereafter, the doctor who operated on claimant in 1958 also filed a report in which he stated that the recurrence was a result of the previous operations. Appellant insurance carrier, which did not insure the employer after 1958, moved to close the 1958 case on the basis of the new claim and this was done. Subsequent hearings were held at which appellant carrier appeared and participated. The Referee made an award against appellant carrier and discharged the insurers which provided coverage after 1958. Upon appeal the board found that the claimant's condition was a recurrence of the 1958 injury and operation, and that because the issue of liability was still open at the indicated closing of the 1958 case and all carriers were still on notice such was not a true closing, so that the closing was rescinded and the award against appellant carrier was affirmed. The board's action was within its authority. (*Matter of Leonescu* v. *Star Liq. Dealers*, 25 A D 2d 932, affd. 20 N Y 2d 956; *Matter of Parella* v. *Harrod Steel Erection Co.*, 19 A D 2d 451, mot. for lv. to app. den. 13 N Y 2d 600; *Matter of Stimburis* v. *Leviton Mfg. Co.*, 5 N Y 2d 360.) Since the case was reopened upon an application on behalf of an employee, in the form of a medical report, within seven years after the injury, the Special Fund was not liable for the award. Decision affirmed, with costs to Special Fund for Reopened Cases. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.